UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MARTY CALDERON,

                     Plaintiff,

                                                       1:25-CV-1442
v.                                                     (GTS/MJK)

ULSTER COUNTY AREA TRANSIT;
TONI ROSER; and ANTHONY TROCCIA,

                     Defendants.

_____

APPEARANCES:

MARTY CALDERON
  Plaintiff, *Pro Se*
15 Healthy Way, Apt. 23
Ellenville, New York  12428

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Marty Calderon ("Plaintiff") against Ulster County Area Transit, Toni Rosser, and Anthony Troccia ("Defendants"), asserting claims under 42 U.S.C. §§1981, 1983 and the Fourteenth Amendment, is United States Magistrate Judge Mitchell J. Katz's Report-Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice and with leave to amend, except as to Plaintiff's damage claim for emotional distress, which Magistrate Judge Katz recommends be dismissed with prejudice and without leave to amend.  (Dkt. No. 5.)  Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired.  (*See generally*, Docket Sheet.)  Instead, on November 21, 2026, Plaintiff filed an Amended Complaint.  (*See generally* Dkt. No. 6.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Katz's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein, and Plaintiff's Complaint (Dkt. No. 1) is dismissed without prejudice and with leave to amend, except as to Plaintiff's damage claim for emotional distress, which is dismissed with prejudice and without leave to amend.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** **without prejudice and with leave to amend within the next THIRTY (30) DAYS**, *except* as to Plaintiff's damage claim for emotional distress, which is **DISMISSED** **with prejudice and without leave to amend**; and it is further

**ORDERED** that, if Plaintiff wishes to amend her Complaint, she shall do one of the following two things within **THIRTY (30) DAYS** of the entry of this Decision and Order: (1) file a (revised) Amended Complaint curing the pleading defects identified in the Report-

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Recommendation; or (2) file a letter to the Court stating that Plaintiff intends to rely on the

Amended Complaint that she filed on November 21, 2025 (Dkt. No. 6); and it is further

ORDERED that, should Plaintiff do either of the above-described two things, her

Amended Complaint shall be referred to Magistrate Judge Katz for further review pursuant to 28

U.S.C. § 1915.

Dated: March 19, 2026
       Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge